**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

IN RE: DEEPWATER HORIZON                    Case No. 3:19-cv-963-MCR-GRJ
BELO CASES


                                            Judge M. Casey Rodgers
                                            Magistrate Judge Gary R. Jones

This Document Relates to:

*Garry Ammar*, 3:19-cv-2119
*Charles E. Beal, Jr.*, 3:19-cv-1705
*Lonnie Bivins*, 3:19-cv-60
*Randy Carter*, 3:19-cv-2109
*Eddie Casanova*, 3:19-cv-1664
*Dushan C. Cobb*, 3:19-cv-2148
*Ernest L. Dale*, 3:19-cv-2010
*Paul A. Dearwent*, 3:19-cv-2008
*Donald L. Dumas*, 3:19-cv-1994
*Matthew P. Earl*, 3:19-cv-441
*Janice A. Hull*, 3:19-cv-1580
*Brandy Johnson*, 3:19-cv-1984
*Carrie L. Jones*, 3:19-cv-2123
*Teri S. Jones*, 3:19-cv-1986
*LaShebre Knight*, 3:19-cv-1583
*Robert Lee*, 3:19-cv-2186
*Willie Lewis*, 3:18-cv-2075
*Reginald Lindsey*, 3:19-cv-1565
*Dorothy McKenzie*, 3:19-cv-1439
*Tasharra Mc. Williams*, 3:19-cv-2121
*Lenuard R. Minchew*, 3:19-cv-2118
*Carolyn Moore*, 3:19-cv-1709
*Marie Odom*, 3:19-cv-2107
*Robert Parizo*, 3:19-cv-1922
*Ronald Revels*, 3:19-cv-1985
*Brenda E. Robinson*, 3:19-cv-1586
*Debra C. Smith*, 3:19-cv-1588
*Kathleen Thornhill*, 3:19-cv-4789
_____/

## REPORT AND RECOMMENDATION

Before the Court is a Motion for Summary Judgment Based on Election of Remedies Under the MSA filed by Defendants BP Exploration & Production, Inc. and BP America Production Company (collectively, "BP"). Master Docket ECF No. 320.[1]  Plaintiffs filed an opposition, ECF No. 346, and Defendants replied with leave of court, ECF Nos. 352, 356. The identical motion for summary judgment was filed in twenty-eight separate cases and, therefore, the Court's ruling applies to each of the motions for summary judgment in those cases. [2]  The motion is therefore ripe.  Upon

---

[1] For purposes of this Report and Recommendation, the Court references to documents filed in the Master Docket, Case No. 3:19-cv-963.

[2] The ECF Numbers for the summary judgment motions filed in the individual cases are as follows: *Garry Ammar*, Case No, 3:19-cv-2119 (ECF No. 34); *Charles E. Beal, Jr.*, Case No. 3:19-cv-1705 (ECF No. 38); *Lonnie Bivins*, Case No. 3:19-cv-60 (ECF No. 49); *Randy Carter*, Case No. 3:19-cv-2109 (ECF No. 31); *Eddie Casanova*, Case No. 3:19-cv-1664 (ECF No. 31); *Dushan C. Cobb*, Case No. 3:19-cv-2148 (ECF No. 35); *Ernest L. Dale*, Case No. 3:19-cv-2010 (ECF No. 33); *Paul A. Dearwent*, Case No. 3:19-cv-2008 (ECF No. 29); *Donald L. Dumas*, Case No. 3:19-cv-1994 (ECF No. 36)*; Matthew P. Earl*, Case No. 3:19-cv-441 (ECF No. 49); *Janice A. Hull*, Case No. 3:19-cv-1580 (ECF No. 31); *Brandy Johnson*, Case No. 3:19-cv-1984 (ECF No. 32); *Carrie L. Jones*, Case No. 3:19-cv-2123 (ECF No. 38); *Teri S. Jones*, Case No. 3:19-cv-1986 (ECF No. 30)*; LaShebre Knight*, Case No. 3:19-cv-1583 (ECF No. 30); *Robert Lee*, Case No. 3:19-cv-2186 (ECF No. 34); *Willie Lewis*, Case No. 3:18-cv-2075 (ECF No. 57); *Reginald Lindsey*, Case No. 3:19-cv-1565 (ECF No. 31); *Dorothy McKenzie*, Case No. 3:19-cv-1439 (ECF No. 42); *Tasharra McWilliams*, Case No. 3:19-cv-2121 (ECF No. 34); *Lenuard R. Minchew*, Case No. 3:19-cv-2118 (ECF No. 35); *Carolyn Moore*, Case No. 3:19-cv-1709 (ECF No. 30); *Marie Odom*, Case No. 3:19-cv-2107 (ECF No. 41); *Robert Parizo*, Case No. 3:19-cv-1922 (ECF No. 36); *Ronald Revels*, Case No. 3:19-cv-1985 (ECF No. 35); *Brenda E. Robinson*, Case 3:19-cv-1586 (ECF No. 38); *Debra C. Smith*, Case No. 3:19-cv-1588 (ECF No. 38); and *Kathleen Thornhill*, Case No. 3:19-cv-4789 (ECF No. 34).

due consideration, the undersigned respectfully **RECOMMENDS** that

Defendants' motion be **GRANTED**.

## I. BACKGROUND

These lawsuits arise out of the blowout, explosions, fires, and

subsequent oil spill that occurred at the Deepwater Horizon mobile offshore

drilling unit in the Gulf of Mexico on April 20, 2010.[3]   During the months

immediately following the explosion, large scale clean-up efforts to address

the oil spill occurred both on land an at sea.  Plaintiffs here engaged in oil

spill clean-up efforts along the shoreline of the Florida panhandle.  Their

employer, Plant Performance Services ("P2S"), deployed Plaintiffs to oil-

soaked beaches stretching from Perdido Key in Escambia County on the

West to Destin beach in Walton County to the East.  Plaintiffs worked daily

to remove tar balls that washed ashore, beginning in April 2010 and

concluding in September 2010. *See* Plaintiffs' Declarations and Affidavits,

ECF No. 321-13 at 2-38.

---

[3] Victims of the oil spill filed hundreds of cases.  In August 2010, the cases were consolidated in the Eastern District of Louisiana as part of the Deepwater Horizon multidistrict litigation (MDL No. 2179).  *See In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, Case No. 2:10-md-2179-CJB-JCW (E.D. La).

During that clean-up work, Plaintiffs were exposed to crude oil and chemical dispersants that Plaintiffs allege caused them harm. Specifically, Plaintiffs complain that their exposure to the toxins cause them to suffer from chronic medical conditions, even today.  The conditions complained of include chronic dry eye, chronic conjunctivitis, and various chronic skin conditions.  *Id.*

Plaintiffs are not the only workers who suffered various illnesses caused by exposure to toxins during the oil spill clean-up. A slew of other clean-up workers, like Plaintiffs, alleged physical injuries as well.  BP ultimately settled all clean-up worker claims in the Medical Benefits Class Action Settlement ("Settlement Agreement") approved by the Court.[4]  The Settlement Agreement divides clean-up workers into two groups: (1) individuals whose physical injuries manifested prior to April 16, 2012; and (2) individuals whose physical injuries manifested after April 16, 2012. Plaintiffs, here, belong to the second group.  Their alleged injuries came to light after April 16, 2012.[5]

---

[4] *See In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, Case No. 2:10-md-2179-CJB-JCW (E.D. La), Deepwater Horizon Medical Benefits Class Action Settlement Agreement, ECF No. 6427-1.

[5] The Settlement Agreement refers to physical injuries arising after April 16, 2012 as Later-Manifested Physical Conditions (hereinafter "LMPC").  ECF No. 6427-1 at Recitals, Section II, VV. LMPC is defined as:

For injuries manifesting after April 16, 2012, the Settlement

Agreement provides two options for a remedy: (1) compensation through

workers' compensation law; or (2) compensation from BP.  E.D. La.

Docket, Case No. 2:10-md-2179-CJB-JCW, ECF No. 6427-1 (Settlement

Agreement § VIII.B.1.).  Individuals who elect not to pursue workers'

compensation must follow the Back End Litigation Option ("BELO") process

set forth in the Settlement Agreement to recover from BP.  *Id*.  Plaintiffs in

these cases availed themselves of the BELO process, but they also

accepted workers' compensation for their oil spill related injuries.  That is

not allowed.  The Settlement Agreement requires an injured party to elect

one remedy to the exclusion of the other.  *Id*.   Accordingly, Plaintiffs cannot

seek compensation from BP through these lawsuits as discussed below.

## II.  LEGAL STANDARD

A reviewing court "shall grant summary judgment if the movant shows

that there is no genuine dispute as to any material fact and the movant is

---

a physical condition that is first diagnosed in a medical benefits settlement
class member after April 16, 2012, and which is claimed to have resulted
from [the] class member's exposure to oil, other hydrocarbons, or other
substances released [during the oil spill], and/or exposure to dispersants
and/or decontaminants used in connection with the response activities,
where such exposure occurred . . . on or prior to April 16, 2012, for clean-
up workers.

*Id*.

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment "bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Those materials may include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark*, 929 F.2d at 608.

In the Eleventh Circuit, "[e]ven after *Celotex*, it is never enough simply to state that the non-moving party cannot meet its burden at trial." *Id.* "Instead, the moving party must point to specific portions of the record in order to demonstrate that the nonmoving party cannot meet its burden of proof at trial." *United States v. Four Parcels of Real Property in Green and Tuscaloosa Counties in the State of Alabama*, 941 F.2d 1428, 1438 n.19 (11th Cir. 1991). The reason underlying this requirement is simple:

> [A] movant generally does not satisfy its initial burden simply by pointing out to the court that the materials produced in formal discovery or the materials in the court file, as they might be constituted following the filing of the defendant's motion, *do not include* evidence of every essential element of a plaintiff's claim. While a plaintiff has the burden to prove its claim *at trial,* Rule 56 does not imply that a plaintiff has a freestanding obligation to reduce to a tangible form and disclose evidence relative to every element of its case *prior* to trial, to "prove its case in discovery," so to speak.

*Am. Hospice, Inc. v. Sebelius*, No. 1:08-cv-1879-JEO, 2010 WL 9013005, at *10 (N.D. Ala. Jan. 27, 2010) (emphasis in original).

If the moving party meets its burden, the non-moving party is then required "to go beyond the pleadings" and present competent evidence "showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Generally, "[t]he mere existence of a scintilla of evidence" supporting the non-movant's case is insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). If, in response, the non-moving party does not sufficiently support an essential element of his case as to which he bears the burden of proof, summary judgment is appropriate. *Rice-Lamar v. City of Ft. Lauderdale, Fla.*, 232 F.3d 836, 840 (11th Cir. 2000). A fact is "material" for these purposes if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202

7

(1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

"In determining whether genuine issues of material fact exist, [the reviewing court] resolve[s] all ambiguities and draw[s] all justifiable inferences in favor of the non-moving party." *Rice-Lamar*, 232 F.3d at 840 (*citing Anderson*, 477 U.S. at 255). However, when the record "taken as a whole" could not support a reasonable finding for the non-movant, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. DISCUSSON

The record reflects that the Plaintiffs, in each of these cases, signed a Release and Waiver of Workers' Compensation Claims (hereinafter "Release and Waiver") in 2013 for injuries they sustained performing oil spill clean-up work in 2010.[6]  Each Release and Waiver signed by Plaintiffs states, in pertinent part, that it "constitutes an election of remedies and constitutes a complete release of all actions against the Released Parties[7]

---

[6] Plaintiff Gary Ammar's Release and Waiver filed with the Court is missing pages 10 and 11.  The election of remedies clause would be on one of these pages.  Because all Plaintiffs, including Ammar, executed a standard Release and Waiver form, the court accepts that the election clause applies to Ammar's claims as well.

[7] "Released Parties" are defined in the Release and Waiver as the "employer [P2S] and anyone acting on Employer's behalf, including, but not limited to, past, present and future shareholders, parent companies, subsidiaries, affiliates, management, divisions,

arising out of any Workers' Compensation accident in any way related to

…. personal injury claims asserted or that could be asserted in [the

Deepwater Horizon MDL]."[8]

The workers' compensation records before the Court are more

complete for some Plaintiffs than others. For example, the original claim

form, describing Plaintiffs' work-related injuries is provided for Plaintiffs

Beal, Carter, Casanova, Dearwent, Earl, Johnson, Lee, Lewis, McKenzie,

Odom, Parizo, Revels and Thornhill.  ECF No. 321-9.  Such claim forms

have not been provided for the other Plaintiffs.  As to Plaintiffs Bivins,

Knight and McWiliams, Defendants did provide workers' compensation

settlement documents that reveal that these Plaintiffs alleged eye-related

injuries, ECF No. 321-12, the same injuries complained of in their BELO

lawsuits.  *See Lonnie Bivins,* Case No. 3:19-cv-60, Complaint (ECF No.1)

at 15; *LaShebre Knight*, Case No. 3:19-cv-1583, Complaint (ECF No. 1) at

15; and *Tasharra McWilliams,* Case No. 3:19-cv-2121, Complaint (ECF No.

1).

---

directors, officers, partners, employees, attorneys, adjusters, agents, independent contractors, successors, and assignees."  *See, e.g*., Charles Beal, Jr. Release and Waiver, ECF No. 321-6 at ¶1.

[8] The Release and Waiver does not specify any injuries or illnesses, but it does serve to release all claims for personal injury, asserted and unasserted, against P2S.

While the workers' compensation claim forms and settlement documents are useful in tying Plaintiffs' compensated injuries to the injuries alleged in the BELO actions (which they do), the Court finds that these particular documents are not required for BP to be entitled to summary judgment. That is because the record clearly reflects that all Plaintiffs here settled and released all personal injury claims arising from their oil spill clean-up work through the workers' compensation process. *See* Plaintiffs' executed Release and Waiver at ECF No. 321-6. The Release and Waiver sets forth both the accident date and the amount of compensation Plaintiffs received for their alleged injuries. Specifically, as to each of the twenty-eight plaintiffs the Release and Waiver form discloses:

1.   **Garry Ammar** (3:19-cv-2119) settled his workers' compensation claims against P2S on September 22, 2013 for $4,252.06 (Accident date, Aug. 24, 2010). *Gary Ammar v. P2S*, et al., OJCC Case No. 13-019070NSW, Release and Waiver, ECF No. 321-6 at 2-12, and Order for Release from Liability for All Workers' Compensation Benefits (hereinafter "Release Order"), ECF No. 321-5 at 2.

2.   **Charles E. Beal, Jr.** (3:19-cv-1705) settled his workers' compensation claims against P2S on September 16, 2013 for $1,787.06 (Accident date, Sept. 18, 2010). *Charles Beal, Jr. v. P2S*, et al., OJCC Case No. 13-018862NSW, Release and Waiver, ECF No. 321-6 at 13-27 and Release Order, ECF No. 321-5 at 3.

3.   **Lonnie Bivins** (3:19-cv-60) settled his workers' compensation claims against P2S on October 4, 2013 for $4,252.06 (Accident date, Aug. 25, 2010). *Lonnie Bivins v. P2S*, et al., OJCC Case No. 13-

01907076NSW, Release and Waiver, ECF No. 321-6 at 28-41 and Release Order, ECF No. 321-5 at 4.

4.    **Randy Carter** (3:19-cv-2109) settled his workers' compensation claims against P2S on September 11, 2013 for $1,785.06 (Accident date, Sept. 19, 2010). *Robert Carter v. P2S*, et al., OJCC Case No. 13-018867NSW, Release and Waiver, ECF No. 321-6 at 42-54 and Release Order, ECF No. 321-5 at 5.

5.    **Eddie Casanova** (3:19-cv-1664) settled his workers' compensation claims against P2S on October 17, 2013 for $4,252.06 (Accident date, Jul. 16, 2010). *Eddie Casanova v. P2S*, et al., OJCC Case No. 13-019079NSW, Release and Waiver, ECF No. 321-6 at 55-68 and Release Order, ECF No. 321-5 at 6.

6.    **Dushan Cobb** (3:19-cv-2148) settled his workers' compensation claims against P2S on September 11, 2013 for $1,787.06 (Accident date, Aug. 17, 2010). *Dushan Cobb v. P2S*, et al., OJCC Case No. 13-018868NSW, Release and Waiver, ECF No. 321-6 at 69-82 and Release Order, ECF No. 321-5 at 7.

7.    **Ernest L. Dale** (3:19-cv-2010) settled his workers' compensation claims against P2S on September 19, 2013 for $1,787.06 (Accident date, Jul. 21, 2010). *Ernest Dale v. P2S*, et al., OJCC Case No. 13-08869NSW, Release and Waiver, ECF No. 321-6 at 83-96 and Release Order, ECF No. 321-5 at 8.

8.    **Paul Dearwent** (3:19-cv-2008) settled his workers' compensation claims against P2S on October 11, 2013 for $4,252.06 (Accident date, Aug. 6, 2010). *Paul Dearwent v. P2S*, et al., OJCC Case No. 13-019085NSW, Release and Waiver, ECF No. 321-6 at 97-110 and Release Order, ECF No. 321-5 at 9.

9.    **Donald L. Dumas** (3:19-cv-1994) settled his workers' compensation claim against P2S on October 23, 2013 for $4,252.06 (Accident date, Sept. 18, 2010). *Donald L. Dumas v. P2S*, et al., OJCC Case No. 13-019091NSW, Release and Waiver, Master Docket ECF No. 321-6 at 111-24, and Release Order, Master Docket ECF No. 321-5 at 10.

10.    **Matthew Earl** (3:19-cv-441) settled his workers' compensation claims against P2S on October 9, 2013 for $4,252.06 (Accident date, Aug. 4, 2010). *Matthew Earl v. P2S*, et al., OJCC Case No. 13-019092NSW, Release and Waiver, ECF No. 321-6 at 125-38 and Release Order, ECF No. 321-5 at 11.

11.    **Janice A. Hull** (3:19-cv-1580) settled her workers' compensation claims against P2S on October 15, 2013 for $1,787.06 (Accident date, Jul. 24, 2010). *Janice Hull v. P2S*, et al., OJCC Case No. 13-018992NSW, Release and Waiver, ECF No. 321-6 at 139-52 and Release Order, ECF No. 321-5 at 12.

12.    **Brandy N. Johnson** (3:19-cv-1984) settled her workers' compensation claims against P2S on November 7, 2013 for $4,252.06 (Accident date, Jul. 21, 2010). *Brandy Johnson v. P2S*, et al., OJCC Case No. 13-019101NSW, Release and Waiver, ECF No. 321-6 at 153-66 and Release Order, ECF No. 321-5 at 13.

13.    **Carrie Jones** (3:19-cv-2123) settled her workers' compensation claims against P2S on October 17, 2013 for $1,787.06 (Accident date, Jul. 23, 2010). *Carrie Jones v. P2S*, et al., OJCC Case No. 13-019005NSW, Release and Waiver, ECF No. 321-6 at 167-80 and Release Order, ECF No. 321-5 at 14.

14.    **Teri Jones** (3:19-cv-1986) settled her workers' compensation claims against P2S on October 17, 2013 for $1,787.06 (Accident date, Jul. 23, 2010). *Teri Jones v. P2S*, et al., OJCC Case No. 13-019009NSW, Release and Waiver, ECF No. 321-6 at 181-94 and Release Order, ECF No. 321-5 at 15.

15.    **LaShebre Knight** (3:19-cv-1583) settled her workers' compensation claims against P2S on October 18, 2013 for $1,787.06 (Accident date, Aug. 14, 2010). *LaShebre Knight v. P2S*, et al., OJCC Case No. 13-019026NSW, Release and Waiver, ECF No. 321-6 at 195-208 and Release Order, ECF No. 321-5 at 16.

16.    **Robert Lee** (3:19-cv-2186) settled his workers' compensation claims against P2S on November 4, 2013 for $1,787.06 (Accident date, Sept. 18, 2010). *Robert Lee v. P2S*, et al., OJCC Case No. 13-

019012NSW, Release and Waiver, ECF No. 321-6 at 209-22 and Release Order, ECF No. 321-5 at 17.

17.     **Willie Lewis** (3:18-cv-2075) settled his workers' compensation claims against P2S on October 17, 2013 for $1,787.06 (Accident date, Sept. 18, 2010). *Willie Lewis v. P2S*, et al., OJCC Case No. 13-019014NSW, Release and Waiver, ECF No. 321-6 at 223-36 and Release Order, ECF No. 321-5 at 18.

18.     **Reginald Lindsey** (3:19-cv-1565) settled his workers' compensation claims against P2S on December 13, 2013 for $1,787.06 (Accident date, Aug. 24, 2010). *Reginald Lindsey v. P2S*, et al., OJCC Case No. 13-019662NSW, Release and Waiver[9] and Release Order, ECF No. 321-5 at 19.

19.     **Dorothy McKenzie** (3:19-cv-1439) settled her workers' compensation claims against P2S on October 23, 2013 for $1,787.06 (Accident date, Sept. 21, 2010). *Dorothy McKenzie v. P2S*, et al., OJCC Case No. 13-019018NSW, Release and Waiver, ECF No. 321-6 at 227-50 and Release Order, ECF No. 321-5 at 20.

20.     **Tasharra McWilliams** (3:19-cv-2121) settled her workers' compensation claims against P2S on November 7, 2013 for $1,787.06 (Accident date, Jul. 30, 2010). *Tasharra McWilliams v. P2S*, et al., OJCC Case No. 13-019020NSW, Release and Waiver, ECF No. 321-6 at 251-64 and Release Order, ECF No. 321-5 at 21.

21.     **Lenuard Minchew** (3:19-cv-2118) settled his workers' compensation claims against P2S on November 7, 2013 for $1,787.06 (Accident date, Aug. 25, 2010). *Lenuard Ray Minchew v. P2S*, et al., OJCC Case No. 13-019035NSW, Release and Waiver, ECF No. 321-6 at 266-278 and Release Order, ECF No. 321-5 at 22.

22.     **Carolyn Moore** (3:19-cv-1709) settled her workers' compensation claims against P2S on November 8, 2013 for $1,787.06 (Accident date, Sept. 18, 2010). *Carolyn J. Moore v. P2S*,

---

[9] The courtesy copy of Lindsey' Release and Waiver provided to chambers reflects that it was not initially filed with the Court. Defendants subsequently filed it as an attachment to their reply. See ECF No. 356-1

et al., OJCC Case No. 13-019036NSW, Release and Waiver, ECF No. 321-6 at 279-92 and Release Order, ECF No. 321-5 at 23.

23.   **Marie Odom** (3:19-cv-2107) settled her workers' compensation claims against P2S on November 14, 2013 for $1,787.06 (Accident date, Aug. 7, 2010). *Marie E. Odom v. P2S*, et al., OJCC Case No. 13-019040NSW, Release and Waiver, ECF No. 321-6 at 293-306 and Release Order, ECF No. 321-5 at 24.

24.   **Robert Parizo** (3:19-cv-1922) settled his workers' compensation claims against P2S on November 20, 2013 for $1,787.06 (Accident date, Aug. 7, 2010). *Robert E. Parizo v. P2S*, et al., OJCC Case No. 13-019043NSW, Release and Waiver, ECF No. 321-6 at 307-19 and Release Order, ECF No. 321-5 at 25.

25.   **Ronald Revels** (3:19-cv-1985) settled his workers' compensation claims against P2S on October 4, 2013 for $4,252.06 (Accident date, Aug. 7, 2010). *Ronald E. Revels v. P2S*, et al., OJCC Case No. 13-019109NSW, Release and Waiver, ECF No. 321-6 at 320-33 and Release Order, ECF No. 321-5 at 26.

26.   **Brenda E. Robinson** (3:19-cv-1586) settled her workers' compensation claims against P2S on October 1, 2013 for $1,787.06 (Accident date, Aug. 25, 2010). *Brenda E. Robinson v. P2S*, et al., OJCC Case No. 13-019056NSW, Release and Waiver, ECF No. 321-6 at 334-47 and Release Order, ECF No. 321-5 at 27.

27.   **Debra C. Smith** (3:19-cv-1588) settled her workers' compensation claims against P2S on December 21, 2020 for $5,000.00 (Accident date, Jul. 1, 2010). *Debra C. Smith v. P2S*, et al., OJCC Case No. 10-024488NSW, Release and Waiver, ECF No. 321-6 at 348-358 and Release Order, ECF No. 321-5 at 28.

28.   **Kathleen Thornhill** (3:19-cv-4789) settled her workers' compensation claims against P2S on September 26, 2013 for $1,787.06 (Accident date, Sept. 9, 2010). *Kathleen Thornhill v. P2S*, et al., OJCC Case No. 13-019062NSW, Release and Waiver, ECF No. 321-6 at 359-71 and Release Order, ECF No. 321-5 at 29.

In opposition to summary judgment, Plaintiffs make three arguments. First, Plaintiffs contend that their chronic medical conditions were diagnosed after they settled their workers' compensation claims.[10]  Second, Plaintiffs say BP failed to put forward evidence that the settled workers' compensation claims are for the same injuries alleged in Plaintiffs' Complaints. *Id.* at ¶26.  And third, even though Plaintiffs admit to settling their workers' compensation claims against P2S, Plaintiffs argue that an issue of fact exists as to whether those claims were "exposure claims." Plaintiffs, in the third argument, attempt to create an issue of fact by

---

[10] Contrary to this argument, Plaintiffs respond that Janice Hull was diagnosed with chronic conjunctivitis on December 12, 2012 and that she settled her workers' compensation claim on October 22, 2013.  *See* ECF No. 346 at 13.

Only five plaintiffs subject to the instant motion allege being diagnosed after 2012:  In his Complaint, Randy Carter alleges that his chronic conjunctivitis was diagnosed on April 6, 2013.  *Randy Carter*, Case No. 3:19-cv-2109, ECF No. 1 at 5.  Carter settled his oil spill related workers' compensation claims on September 11, 2013 (after diagnosis). ECF No. 321-6 at 42-54.  In his Complaint, Reginald Lindsey alleges that he was diagnosed with chronic allergic conjunctivitis on January 8, 2014. *Reginald Lindsey*, Case No. 3:19-cv-1565, ECF No. 1 at 15.  At the time he filed the complaint, Lindsey had already settled all of his oil spill related workers' compensation claims.  *See* ECF No. 356-1.  In her Complaint, Marie Odom alleges that she was diagnosed with chronic dermatitis on March 31, 2014.  *Marie Odom*, Case No. 3:19-cv-2107, ECF No. 1 at 15. Odom had previously settled her oil spill related workers' compensation claims on November 14, 2013.  ECF No. 321-6 at 293-306.  Finally, in her Complaint, Brenda Robinson alleges that she was diagnosed with chronic dry eye syndrome on February 4, 2014. *Brenda E. Robinson*, Case No. 3:19-cv-1586, ECF No. 1 at 15.  But, Robinson had previously settled all of her oil spill related workers' compensation claims on October 1, 2013.  ECF No. 321-6 at 334-47.  Regardless of when these Plaintiffs were diagnosed, the record shows that all of them settled and released any and all of their BELO claims brought here.

arguing that P2S did not hire Plaintiffs to do clean-up work, but rather solely provided training services to Plaintiffs. The Court concludes that none of these arguments carries the day.

As to the first argument, the onset of Plaintiffs' alleged injuries as it relates to the date of settlement is irrelevant. What matters is that Plaintiffs accepted workers' compensation for their oil spill related injuries. Having elected that remedy, Plaintiffs cannot now seek a remedy from BP.

As to the second argument, this Court already has concluded that the plain terms of the Settlement Agreement are "unambiguous and act to bar [Plaintiff's] BELO suit unless the particular LMPCs asserted were not within the scope of the workers' compensation benefits he pursued." *Christopher F. Causey*, 3:19-cv-2108, ECF No. 42 at 9 (N.D. Fla. Apr. 22, 2021). The workers' compensation release and waiver that these Plaintiffs executed states: "This release... extends to all personal injury claims, whether asserted or not, related to injuries which occurred while Claimant was employed with [P2S].... including but not limited to personal injury claims asserted or that could be asserted in [the Deepwater Horizon MDL Litigation]." ECF No. 321-6, Release and Waiver ¶¶ 1, 26. Plaintiffs' LMPCs are thus firmly within the scope of the workers' compensation they both pursued and received.

Additionally, the Release and Waiver contains an election of remedies clause, which provides:

> Claimant acknowledges that this settlement and release constitutes an election of remedies and constitutes a complete release of all actions against the Released Parties arising out of any Workers' Compensation accident in any way related to …. personal injury claims asserted or that could be asserted [in the Deepwater Horizon MDL].[11]

Release and Waiver, ¶26 (ECF No. 321-6).  So, all personal injury claims related to oil spill clean-up work performed by these Plaintiffs have been settled, released, and compensated for.  As a result, the Settlement Agreement bars Plaintiffs from bringing these BELO lawsuits.

Finally, as to the third argument that P2S merely trained Plaintiffs, that is a distinction without a difference.  It is also not supported by the record.  All of Plaintiffs' Declarations, Complaints, and Release and Waivers before the Court proclaim that Plaintiffs were harmed while performing oil spill clean-up work as P2S employees.  Furthermore, as BP correctly points out, the invoices produced by BP confirm that each Plaintiff was employed and paid by P2S to perform oil spill clean-up work.  *See* ECF No. 356-3.  Finally, Plaintiffs miss the point with this argument. The

---

[11] *See e.g.*, Charles Beal, Jr. Release and Waiver, OJCC Case No. 13-018862NSW, Master Docket 321-6 at 24 (Sept. 16, 2013).

issue before the Court is not P2S's role as employer.  The issue is whether Plaintiffs pursued a remedy for their oil spill related injuries through workers' compensation laws, which they did.

For these reasons, the undersigned concludes that BP is entitled to judgment as a matter of law.  The Court will enforce the plain and unambiguous terms of both the Settlement Agreement and the Release and Waiver.  *See Waters v. Int'l Precious Metals Corp*., 237 F.3d 1273, 1277 (11th Cir. 2001) ("This court gives the Agreement's terms their 'plain and ordinary' meaning and will not add to or subtract from a clearly worded agreement").

## IV.   CONCLUSION

After careful review of the evidence, the undersigned respectfully **RECOMMENDS** that BP's Motion for Summary Judgment Based on Election of Remedies Under the MSA, ECF No. 320, is due to be **GRANTED**.[12]  The Settlement Agreement bars Plaintiffs' BELO suits,

---

[12] The ECF Numbers for the summary judgment motions due to be granted in the individual cases are as follows: *Garry Ammar*, Case No, 3:19-cv-2119 (ECF No. 34); *Charles E. Beal, Jr*., Case No. 3:19-cv-1705 (ECF No. 38); *Lonnie Bivins*, Case No. 3:19-cv-60 (ECF No. 49); *Randy Carter*, Case No. 3:19-cv-2109 (ECF No. 31); *Eddie Casanova*, Case No. 3:19-cv-1664 (ECF No. 31); *Dushan C. Cobb*, Case No. 3:19-cv-2148 (ECF No. 35); *Ernest L. Dale*, Case No. 3:19-cv-2010 (ECF No. 33); *Paul A. Dearwent*, Case No. 3:19-cv-2008 (ECF No. 29); *Donald L. Dumas*, Case No. 3:19-cv-1994 (ECF No. 36*); Matthew P. Earl*, Case No. 3:19-cv-441 (ECF No. 49); *Janice A. Hull*, Case No. 3:19-cv-1580 (ECF No. 31); *Brandy Johnson*, Case No. 3:19-cv-1984 (ECF No. 32); *Carrie L. Jones*, Case No. 3:19-cv-2123 (ECF No. 38); *Teri S. Jones*,

because Plaintiffs elected instead to pursue compensation for their oil-spill related injuries though workers' compensation laws.

**IN CHAMBERS** in Gainesville, Florida this 26th day of October 2021.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

Case No. 3:19-cv-1986 (ECF No. 30*); LaShebre Knight*, Case No. 3:19-cv-1583 (ECF No. 30); *Robert Lee*, Case No. 3:19-cv-2186 (ECF No. 34); *Willie Lewis*, Case No. 3:18-cv-2075 (ECF No. 57); *Reginald Lindsey*, Case No. 3:19-cv-1565 (ECF No. 31); *Dorothy McKenzie*, Case No. 3:19-cv-1439 (ECF No. 42); *Tasharra McWilliams*, Case No. 3:19-cv-2121 (ECF No. 34); *Lenuard R. Minchew*, Case No. 3:19-cv-2118 (ECF No. 35); *Carolyn Moore*, Case No. 3:19-cv-1709 (ECF No. 30); *Marie Odom*, Case No. 3:19-cv-2107 (ECF No. 41); *Robert Parizo*, Case No. 3:19-cv-1922 (ECF No. 36); *Ronald Revels*, Case No. 3:19-cv-1985 (ECF No. 35); *Brenda E. Robinson*, Case No. 3:19-cv-1586 (ECF No. 38); *Debra C. Smith*, Case No. 3:19-cv-1588 (ECF No. 38); and *Kathleen Thornhill*, Case No. 3:19-cv-4789 (ECF No. 34).